IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05CV274-F |
| | ) | |
| THE SMYRNA PENTECOSTAL FIRE | ) | |
| BAPTIZED HOLINESS CHURCH, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Robert Lee Darden appears *pro se* in this action. He alleges that defendants Smyrna Pentecostal Fire Baptized Holiness Church, Inc. ("Smyrna Pentacostal"), its pastors (defendants Pittman and Powell) and a closing attorney (defendant Thomas) procured a contract for the sale of a church and parsonage located at 410 and 1605 Jackson Street, LaGrange, Georgia, to First Zion World Church of Faith U.S.A., Inc. ("First Zion") through fraud. Plaintiff brings claims against defendants D.A.S.H. (formerly Habitat for Humanity), its director (defendant Hendrix) and the chairman of its board (Wolfe), alleging that D.A.S.H. damaged property belonging to the church and that D.A.S.H. does not want to pay First Zion for the cost of the repair or what the church is worth (apparently in connection with a possible sale of the property from First Zion to D.A.S.H.). He alleges that defendants Jackie Taylor (Clerk of the Troup County Superior Court) and Sherry Welborn (the Chief Deputy Clerk) are unfair and unfriendly to black litigants.

This claim appears to relate to a state court action, Civil Action File No. 02-CV-645,

in the Superior Court of Troup County, Georgia. That lawsuit was filed by plaintiff against Smyrna Pentacostal, Pittman, Powell, Thomas and other defendants, and apparently concerned the sale of the church property by Smyrna Pentecostal to First Zion, and the foreclosure of that property. (See attachments to Complaint, pleadings and orders in state court action). Plaintiff alleges that defendant Taylor allowed defendant David Fowler (the attorney for the defendants in the state court lawsuit) to file fraudulent papers in that action that were notarized by defendant Elizabeth Fowler. The state court action was dismissed by the Troup County Superior Court and, on January 10, 2005, the court denied plaintiffs' motions to set aside the dismissal and to stop the foreclosure on the church's property. Plaintiff appealed the January 10, 2005 order on February 1, 2005. Plaintiff further alleges that defendant Daniel (a realtor with Caldwell Realty) "was supposedly working for [plaintiff] selling the church, but [plaintiff] found out he was actually working for D.A.S.H." (Complaint, p. 3).

On April 7, 2005, the court entered an order directing plaintiff to show cause: (1) why this action should not be dismissed due to plaintiff's failure to appear through counsel; (2) why this action should not be dismissed for improper venue; and (3) why plaintiff's claims against Smyrna Pentecostal, Pittman, Powell, Thomas, and David Fowler should not be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. The court further ordered that any defendant wishing to waive the issue of improper venue should so notify the court on or before April 29, 2005. Defendants Smyrna Pentecostal, Pittman, Powell, David Fowler, Elizabeth Fowler, Welborn, Taylor, Wolfe, and Hendrix have filed

motions to dismiss objecting to improper venue (Docs. ## 17, 18, 19), and defendant H. J. Thomas, Jr. has notified the court by letter dated April 15, 2005 that he does not waive venue.

The allegations of the complaint, plaintiff's response to the show cause order, and the numerous attachments to both pleadings demonstrate that plaintiff's cause of action may not be brought in this district. The venue statute provides that:

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship[1] may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

This action arises from the sale and purchase of a church and parsonage located in LaGrange, Georgia, damage to that real property, and lawsuits filed in the Troup County state court concerning that property. LaGrange is located within Troup County, and Troup County is in the Northern District of Georgia. 28 U.S.C. § 90(a)(4). There is no indication in the record that any defendant resides in Alabama, and all of the addresses provided by plaintiff for service of the defendants are in LaGrange. While plaintiff responded to the show cause order, he merely restated his claims and did not address the venue issue raised by the court.

---

[1] Plaintiff arguably brings a federal constitutional claim against defendants Welborn and Taylor.

3

It is clear that this action may be brought in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) and that venue is improper in this district.[2]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for improper venue.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before **May 16, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] In view of this conclusion, the court does not address the remaining issues raised in its show cause order.